UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GARY STEELE AND RIMA STEELE | CIVIL ACTION NO. 6:15-cv-02497 |
| VERSUS | JUDGE HAIK |
| TRIO TRANSPORTATION GROUP, ET AL. | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Defendants Trio Transportation, Inc., Great West Casualty Company, and Kenneth A. Jefferson removed this action from the 16th Judicial District Court, St. Martin Parish, Louisiana, alleging that the court has subject-matter jurisdiction under 28 U.S.C. § 1332. Defendant Excalibur Transportation Group, Inc. had not yet been served at the time of removal. The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] In this case, the removing defendants must bear that burden.

This Court cannot determine whether the parties are diverse in citizenship. In their petition, the plaintiffs alleged that they are domiciled in Oklahoma. The

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

citizenship of a natural person is determined by the state in which he is domiciled.[2] Accordingly, the plaintiffs' allegation establishes that they are Oklahoma citizens.

The plaintiffs alleged in their petition that defendant Jefferson is domiciled in Texas, and that allegation is sufficient to establish that Jefferson is a Texas citizen.

The three other defendants are corporations. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business.[3]

The removing defendants stated that Trio was incorporated in and has its principal place of business in Arkansas. (Rec. Doc. 1-2 at 2). A document from the Arkansas Secretary of State (Rec. Doc. 1-5 at 1) was submitted, but it does not clearly state where Trio was incorporated or has its principal place of business. While a reference to an Arkansas "dom bus corp" statute might indicate that Trio was incorporated in Arkansas, that is not clear from the face of the document. An agent's address is provided but that is not necessarily the same as the company's principal place of business. Furthermore, in its corporate disclosure statement (Rec. Doc. 7), Trio inconsistently stated that its principal place of business is in Texas.

---

[2] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[3] 28 U.S.C. § 1332(c)(1).

The removing defendants stated that Great West was incorporated in Nebraska and has its principal place of business in Nebraska. (Rec. Doc. 1-2 at 2). They submitted a document from the Louisiana Department of Insurance, indicating that Great West is domiciled in Nebraska and has administrative, books and records, and domicile addresses in Nebraska. Stating that a corporation is domiciled in a state is not sufficiently precise to assure diversity.[4] A corporation's principal place of business is its "nerve center," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities."[5] It is not clear that Great West's nerve center is located at the addresses provided. Further, the document does not state that Great West was incorporated under the laws of Nebraska.

The removing defendants state, in the removal notice, that defendant Excalibur was incorporated in Texas and has its principal place of business in Texas. (Rec. Doc. 1-2 at 3). But the document attached and relied upon for that information is from Arkansas, and it does not say where Excalibur was incorporated or where it has its principal place of business. Perhaps the removing defendants are relying upon the document's indication that the "state of origin" is Texas but it is not clear that "state

---

[4] *Evans v. Family Dollar Store*, No. 05–1517, 2006 WL 220841, at *1 (W.D. La. Ja. 25, 2006).

[5] *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

of origin" is the same as the state of incorporation. The "foreign address" shown on the document has a street and city but no state and is confusing because the city listed is Texarkana and might refer to Texarkana, Texas but there is also an address for an agent in Texarkana, Arkansas. Further, it is not clear that the "foreign address" is the principal place of business.

Accordingly, this Court cannot determine whether the parties are diverse in citizenship.

This Court also finds that the removing defendants have not established that the amount in controversy exceeds the jurisdictional threshold. When, as here, the plaintiff does not seek recovery of a determinate amount in its complaint, the parties invoking the Court's jurisdiction have the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[6] To satisfy that burden, the defendants must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[7]

The jurisdictional amount is not "facially apparent" because the facts alleged in the plaintiffs' petition are insufficient. Plaintiff Gary Steele was allegedly involved

---

[6] *St. Paul Reinsurance*, 134 F.3d at 1253.

[7] *St. Paul Reinsurance*, 134 F.3d at 1253.

in a motor vehicle accident, sustaining alleged injuries to "his head, left leg, back, and neck, as well as other injuries." (Rec. Doc. 1-3 at 3). He seeks to recover for his past, present, and future medical expenses, pain and suffering, mental anguish and emotional distress, lost wages and earning capacity, and loss of enjoyment of life. Plaintiff Rima Steele seeks to recover for her alleged loss of consortium. But the petition does not explain the nature and extent of injuries sustained by Mr. Steele, the type of medical care he received, the cost of his medical care, how much time he lost from work, how much he was earning on his job, or the type of medical care he is likely to require in the future. Therefore, it is not facially apparent from the plaintiffs' allegations that the amount in controversy exceeds $75,000.

    The removing defendants argue that the plaintiffs' failure to stipulate that their damages are below the jurisdictional minimum necessitates a finding that the amount in controversy is more than $75,000. But the fact that the plaintiffs failed to enter into such a stipulation establishes only that a stipulation was not signed, not that the damages likely exceed that amount.

    In summary, this Court cannot determine whether the parties are diverse in citizenship or whether the amount in controversy exceeds the jurisdictional threshold. Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the removing defendants shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum.  These facts should be supported with summary-judgment-type evidence.  The plaintiffs will be allowed seven days to respond to the removing defendants' submission.

Signed at Lafayette, Louisiana, this 16th  day of November 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE